■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CELESTINO RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered October 6, 1986, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the trial court's failure to give a detailed charge on the identification issue warrants reversal of his conviction *(see, People v Whalen,* 59 NY2d 273). The evidence supporting this conviction was overwhelming. It included the testimony of 4 trained undercover police officers, 2 of whom had ample opportunity to view and study the defendant face-to-face, a surveillance videotape, and numerous tape recordings of conversations between the defendant and one of the undercover officers.

Moreover, no alibi evidence was presented *(People v Smith,* 100 AD2d 857).* The court's charge with respect to the presumption of innocence, the prosecution's burden of proving every element of the crimes charged, including the defendant's identity, beyond a reasonable doubt, the jury's duty to evaluate the credibility and accuracy of the witnesses, including its instructions with respect to a prior inconsistent statement of one of the undercover officers, was in all respects proper.

The court acted properly in imposing upon the defendant close to the maximum sentence allowable despite the fact that he had no prior criminal record *(see, People v Suitte,* 90 AD2d 80).* The court's aim in imposing the sentence was to deter others from engaging in similar misconduct. Since the court viewed general deterrence as the overriding sentencing principle, we cannot say that the emphasis was erroneous or that the interest of justice calls for a reduction *(see, People v Suitte, supra,* at 87).* We find no merit to the defendant's argument that the court improperly considered his national origin in imposing the sentence. Nor was it improper for the sentencing court to consider the other counts for which he was indicted, but not convicted, since the defendant was never acquitted of these charges. The jury was merely instructed not to consider those counts if they found the defendant guilty of criminal sale of a controlled substance in the first degree *(see, People v Shapiro,* 141 AD2d 577).* Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.