■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND CORNELIUS, Appellant. [628 NYS2d 598] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered October 12, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his right to counsel at a lineup. However, the record demonstrates that the defense counsel participated in setting up the lineup, suggesting to the defendant where to sit and objecting to his clothing. Although the defense counsel was not present in the viewing room for the identification of the defendant by one witness, there is no indication as to why she was not present. Nor does the record reveal whether counsel's absence was due to police interference, or whether or not she was present for the identifications of the defendant by the other four witnesses. Accordingly, the record is insufficient to permit appellate review of the defendant's claim that he was deprived of his right to counsel at the lineup *(see, People v Kinchen,* 60 NY2d 772; *People v Neal,* 205 AD2d 711).

The court's refusal to give a more detailed identification charge does not warrant reversal. The identification evidence here was overwhelming and no alibi evidence was presented *(see, People v Rodriguez,* 161 AD2d 737; *cf., People v Arcarola,* 96 AD2d 1081). Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.