■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JONES, Appellant. [634 NYS2d 214] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered February 9, 1994, convicting him of manslaughter in the first degree and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was denied a fair trial by the admission of evidence indicating that the victim had been working for him as a prostitute at the time of her death. While evidence of uncharged crimes is generally inadmissible if proffered solely to establish criminal propensity *(see, People v Alvino,* 71 NY2d 233), it may be introduced to demonstrate, as it was in the instant case, the defendant's motive and intent to commit the crime charged *(see, People v Molineux,* 168 NY 264; *see also, People v Ingram,* 71 NY2d 474; *People v Allweiss,* 48 NY2d 40), or to complete a witness' narrative to assist the jury in its comprehension of the crime *(see, People v Hudy,* 73 NY2d 40; *People v Mendez,* 165 AD2d 751). Here, the court properly determined that the probative value of the challenged evidence outweighed its potential for prejudice *(see, People v Alvino, supra).* Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.