■ CITY OF NEW YORK, Appellant, et al., Intervenor, v MORRIS J. EISEN, P. C., et al., Respondents. [641 NYS2d 257] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered May 27, 1994, which, *inter alia*, granted the motions of defendants Eisen, Morganti and Levine to dismiss the City's complaints as against them as barred by the statute of limitations, unanimously affirmed, without costs or disbursements.

In 1986, the City commenced an action against certain lawyers as well as non-lawyer members of the staff of Morris J. Eisen, P. C., alleging that they had defrauded the City by arranging for and providing false testimony and fabricated evidence in three personal injury lawsuits brought against the City. It is undisputed that the fraudulent activity occurred in 1984. At that time, the City did not name Eisen, individually, Morganti, the office manager, or Levine, who was of counsel to the firm. The City asserted claims against these three individuals by service of an amended complaint in June 1992.

The facts reveal that, as of April 1989, the City had ample opportunity, if it had diligently pursued the matter, to discover facts sufficient to allege a cause of action for fraud against these three individuals. In fact, in the case of Levine, who was never charged with a crime, the City knew as much with respect to his alleged fraud in 1986 as it did when it joined him as a defendant in 1992. As to Eisen and Morganti, the control-

ling date is not, as the City asserts, November 1990, the date important testimony was given by a witness, who had, in April 1989, previously entered into a cooperation agreement with the City, at the criminal trial of several of the defendants in this action. On the contrary, as to Eisen and Morganti, the City is charged with knowledge of sufficient facts to create a duty of inquiry as of April 1989, when the witness entered into the cooperation agreement and the substance of the witness's anticipated testimony was furnished "in my general terms". (*See, TMG-II v Price Waterhouse & Co.*, 175 AD2d 21, *lv denied* 79 NY2d 752.) Thus, its fraud claims against Eisen and Morganti should have been commenced no later than April 1991, two years after facts sufficient to allege a cause of action for fraud could, with reasonable diligence, have been discovered (CPLR 203 [g]; 213 [8]). The claims against Levine are, as indicated, time-barred no matter how CPLR 203 (f) is applied.

The City's remaining contention is not properly before this Court and, in any event, is without merit. Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.