■ Bahia Mehmet Bin Chambi, Appellant, v Kaye, Scholer, Fierman, Hays & Handler et al., Respondents. [683 NYS2d 533] —Order, Supreme Court, New York County (Emily Goodman, J.), entered October 28, 1997, which, insofar as appealed from, granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff's main allegation in this action commenced in 1996 is defendant Strickon's false representation to her that he did not have authority to transfer the shares of stock she wanted to buy back from Navarro, Strickon's client, plaintiff's lender, and the then owner of the stock by way of a foreclosure sale,

and Strickon's false representation to Navarro that plaintiff had failed to tender the amount that she had agreed to pay him to buy back the stock. Plaintiff asserts that she discovered Strickon's fraud in 1995 when, after signing a general release, she retrieved from Strickon's law firm's files a telex from Navarro to Strickon, sent the day before plaintiff was to tender her payment for the stock, authorizing Strickon to proceed with the transaction. Whatever the merits of plaintiff's claims against Strickon, his allegedly fraudulent acts occurred in 1981, and any cause of action against him for fraud is time-barred by the six-year Statute of Limitations (CPLR 213 [8]). From the outset, plaintiff had sufficient facts concerning Navarro's willingness to go through with the transaction to be charged with a duty of inquiry (CPLR 203 [g]). Indeed, plaintiff commenced an action against Navarro and defendant Weinstein, Navarro's then contract vendee, which named Strickon and his law firm as well, albeit allegedly only as stakeholders, and which, had it been diligently pursued, would have uncovered the facts plaintiff is now asserting (*see, City of New York v Morris J. Eisen, P. C.*, 226 AD2d 244). To the extent plaintiff claims that Strickon and his law firm breached their fiduciary duty as escrow agents for the stock, such claim accrued, at the latest, in 1984, when the stock was transferred to Weinstein, and became time-barred six years later (CPLR 213 [2]). There being no allegations of any type of relationship or interactions between plaintiff and Strickon after 1981, or between plaintiff and any of the other defendants from 1982 to 1995, that could have induced plaintiff to refrain from pursuing the matter, there is no merit to plaintiff's claim that Strickon and his law firm should be estopped from asserting the Statute of Limitations (*see, Simcuski v Saeli*, 44 NY2d 442, 448-449). Plaintiff's claim against Weinstein for breach of fiduciary duty is also time-barred, since her joint venture with him had by its terms expired when the property was finally transferred to him in 1984 (CPLR 213 [2]). Concur—Williams, J. P., Wallach, Andrias and Saxe, JJ.