[903 NE2d 263, 874 NYS2d 866]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS DORM, Appellant.

Argued January 14, 2009; decided February 12, 2009

## POINTS OF COUNSEL

*Center for Appellate Litigation,* New York City (*Peter Theis* and *Robert S. Dean* of counsel), for appellant. In this domestic violence prosecution, the evidence of defendant's uncharged misconduct, involving numerous acts similar to the charged crimes and testified to in great detail was improperly admitted as proof of motive and the relationship's background; the evidence was thinly-disguised propensity evidence and, even if relevant to a valid issue, was far more prejudicial than probative. (*People v Molineux,* 168 NY 264; *Coleman v People,* 55 NY 81; *People v Sharp,* 107 NY 427; *People v Shea,* 147 NY 78; *People v Mayrant,* 43 NY2d 236; *People v Mateo,* 2 NY3d 383; *People v Zackowitz,* 254 NY 192; *People v Rojas,* 97 NY2d 32; *People v Hudy,* 73 NY2d 40; *People v Lewis,* 69 NY2d 321.)

*Robert M. Morgenthau, District Attorney,* New York City (*Britta Gilmore* and *Mary C. Farrington* of counsel), for respondent. The trial court properly admitted evidence of defendant's other conduct toward the victim as proof of defendant's motive and intent, and as necessary background information. (*People v Ventimiglia,* 52 NY2d 350; *People v Gray,* 86 NY2d 10; *People v Narayan,* 54 NY2d 106; *People v Fiore,* 34 NY2d 81; *People v Alvino,* 71 NY2d 233; *People v Till,* 87 NY2d 835; *People v Hudy,* 73 NY2d 40; *People v Fitzgerald,* 156 NY 253; *People v Thau,* 219 NY 39; *People v Resek,* 3 NY3d 385.)

## OPINION OF THE COURT

JONES, J.

Defendant and victim had been involved in a romantic relationship for three months when the charged crimes occurred.

On January 1, 2005, after a New Year's Eve party, defendant and victim returned to victim's apartment where an argument erupted during which defendant blocked victim's attempts to leave and bolted the door. The altercation escalated from pushing and shoving, to throwing of a phone, and ultimately to victim punching defendant and defendant manually choking victim on her bed. The couple unsuccessfully attempted to reconcile in the weeks that followed and the relationship terminated. On January 18, 2005, victim informed the police about the New Year's Eve incident. Defendant appeared uninvited at victim's place of employment on January 20, 2005 and after speaking with her at a nearby café, defendant grabbed victim's hand so as to prevent her from leaving. Victim again contacted the police and defendant was arrested the next day when he returned to that location.

Defendant was charged with assault in the second and third degrees, unlawful imprisonment in the first degree, and stalking in the fourth degree. As probative of intent, motive, and the nature and background of the relationship, the People sought to introduce evidence of defendant's prior conduct toward victim, and similar conduct against other women which resulted in prior arrests of defendant. The People were precluded from introducing such evidence at the first trial and the jury acquitted defendant of assault in the third degree and stalking in the fourth degree. The jury was deadlocked on the remaining charges.

Defendant was retried on the two remaining charges before a different justice. Unlike the first trial, the court in the second trial allowed the People to introduce evidence of defendant's prior and subsequent conduct toward victim* and gave limiting instructions to the jury explaining the proper use of such evidence. The court did not allow evidence of defendant's similar conduct against other women. The jury subsequently convicted defendant of unlawful imprisonment in the first degree and assault in the second degree. The Appellate Division unanimously affirmed the conviction, reasoning that the trial court properly permitted "evidence of

---

* The evidence included: (1) a prior incident at a New York City nightclub where defendant tried to prevent victim from leaving the club and later prevented her from leaving the lobby of her apartment building, (2) a subsequent incident occurring on January 20, 2005 where defendant appeared uninvited at victim's place of employment and prevented her from leaving a café where they chatted, and (3) defendant's frequent arguments and conflicts with victim during their relationship.

conflicts between defendant and the victim before and after the incident at issue" because the evidence was "relevant to defendant's motive, and it provided necessary background regarding the couple's relationship that tended to explain aspects of the victim's testimony that might otherwise have been unbelievable or suspect" (47 AD3d 503 [2008]). A Judge of this Court granted leave to appeal (10 NY3d 862 [2008]) and we now affirm.

■ Evidence of a defendant's prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant's criminal propensity (*see People v Lewis*, 69 NY2d 321 [1987]; *People v Beam*, 57 NY2d 241 [1982]; *People v Allweiss*, 48 NY2d 40 [1979]; *People v Carmack*, 44 NY2d 706 [1978]). Under *People v Molineux* (168 NY 264 [1901]), the People may use such evidence to prove motive, intent, lack of mistake or accident, identity, or common scheme or plan (*see People v Alvino*, 71 NY2d 233, 242 [1987]). However, this list is "merely illustrative and not exhaustive" (*People v Rojas*, 97 NY2d 32, 37 [2001]). Where there is a proper nonpropensity purpose, the decision whether to admit evidence of defendant's prior bad acts rests upon the trial court's discretionary balancing of probative value and unfair prejudice.

Contrary to defendant's arguments, the evidence in this case was not propensity evidence, but was probative of his motive and intent to assault his victim; it provided necessary background information on the nature of the relationship and placed the charged conduct in context (*see People v Resek*, 3 NY3d 385, 389 [2004]; *People v Till*, 87 NY2d 835, 837 [1995]). We cannot say that the trial court abused its discretion when it allowed only the evidence of prior conduct relating to victim and gave proper limiting instructions to the jury.

■ Furthermore, the fact that two justices ruled differently on the admissibility of such evidence does not suggest an abuse of discretion. Both rulings are legitimate exercises of discretion notwithstanding the fact that the first trial resulted in acquittals and a hung jury when the subject evidence was precluded and the second trial resulted in convictions when it was admitted. The outcome of a trial has no bearing on whether the court properly exercised its discretion in admitting evidence.

Accordingly, the order of the Appellate Division should be affirmed.

Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur; Chief Judge LIPPMAN taking no part.

Order affirmed.