■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN SILVA, Appellant. [951 NYS2d 867]—

The court's rulings on uncharged crimes evidence were proper exercises of discretion. This case involved a lengthy investigation into large-scale drug trafficking. Evidence of uncharged crimes that surrounded the charged crimes was relevant to establish the essential element of intent, to explain the context in which the charged crimes occurred, to complete the narrative, particularly in view of the code words used to refer to cocaine and money, and to refute claims made by defendant on cross-examination (*see generally People v Dorm*, 12 NY3d 16, 19 [2009]). The volume of uncharged crimes evidence was not excessive, and its probative value exceeded its prejudicial effect. Furthermore, evidence of criminal activity by persons other than defendant was relevant under the circumstances of the case, and it did not constitute uncharged crimes evidence as to defendant (*see People v Arafet*, 13 NY3d 460, 465 [2009]).

Defendant's challenges to the People's summation are unpreserved (*see People v Romero*, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. Defendant's unspecified objections, belated mistrial motion, and objections made at earlier stages of the trial were insufficient to preserve his present claims for review as questions of law. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

The record is insufficient to establish any basis for reversal regarding a jury note that was marked as an exhibit, because the note did not result in a response by the court or any other mention in the transcript. Indeed, on this record, it is impossible to determine if the note was presented to the judge or if the jury reached a verdict without the judge being aware they had submitted the note. Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Richter, JJ.