Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered November 10, 2011, convicting her of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CEL 460.50 (5).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the jury’s verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the Supreme Court erred by precluding her from presenting expert psychiatric testimony with respect to her mental condition is academic in light of her acquittal of the count of murder in the second degree (see People v Pons, 68 NY2d 264, 265 [1986]; People v Almodovar, 62 NY2d 126, 130 [1984]; People v Marquez, 82 AD3d 1123, 1124 [2011]; People v Thomas, 232 AD2d 667 [1996]).
*1113 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). We acknowledge that the record demonstrates that the defendant, a first-time felony offender, had been the victim of domestic violence, and that such domestic violence was a factor in the defendant’s commission of criminal possession of a weapon in the second degree, the crime for which she was convicted. Consequently, we agree with our dissenting colleague that Penal Law § 60.12 is applicable and could have been utilized by the Supreme Court to sentence the defendant to an indeterminate term of imprisonment. However, under the particular circumstances of this case, it was not an improvident exercise of discretion for the court to decline to sentence the defendant pursuant to that statute. Moreover, the sentence imposed, a determinate term of imprisonment of five years, was appropriate and not excessive. While the court accurately noted that the sentence would have limited deterrent and rehabilitative impact on this particular defendant, the court’s aim in imposing the sentence was, in large part, to deter others from engaging in similar misconduct. Indeed, the court stated at sentencing that ££[s]ociety certainly must be concerned with self-help, violent behavior that is not sanctioned by law.” Since the court viewed general deterrence as an overriding sentencing principle, we cannot say that the emphasis was erroneous or that the interest of justice calls for a reduction in the defendant’s sentence (see People v Rodriguez, 161 AD2d 737, 738 [1990]).
The defendant’s remaining contentions are without merit. Dillon, J.P, Chambers and Hall, JJ., concur.
Balkin, J., concurs in part, and dissents in part, and votes to modify the judgment, as a matter of discretion in the interest of justice, by reducing the sentence imposed to an indeterminate term of imprisonment of to 4V2 years, and otherwise affirm the judgment, with the following memorandum: I agree that the defendant’s conviction should stand, but I would reduce the sentence as a matter of discretion in the interest of justice. Therefore, I respectfully dissent from so much of the order as affirms the sentence.
In “Jenna’s Law” (L 1998, ch 1) the Legislature lengthened the authorized prison terms for first-time violent felons by, among other things, requiring the imposition of determinate sentences. In the very first section of the new law, however, the Legislature provided an exception, contained in a new Penal Law § 60.12, which allows a court to sentence a first-time violent felony offender to an indeterminate term of imprisonment if the victim’s domestic violence against the offender was a factor in the offender’s commission of the crime.
*1114 The indeterminate sentences permitted under the exception were not only significantly less harsh than the determinate sentences that Jenna’s Law created, but were exactly the same sentences as those that could be imposed on first-time violent offenders before Jenna’s Law was enacted (compare Penal Law § 60.12 with Penal Law § 70.02 [former (2)] and Irving Schwartz, New York Sentence Charts, McKinney’s Cons Laws of NY, Book 39 [1998 ed]). In other words, the exception permits those defendants to be sentenced under the old law.
In this case, the sentencing court recognized the applicability of the exception, but declined to sentence the defendant to an indeterminate term of imprisonment.
No one disputes the fact that, before she committed this crime, the defendant was a productive, law-abiding citizen. And it is most likely that she will be a productive, law-abiding citizen when she finishes serving her sentence. Even the sentencing court thought so; it said: “[t]here is very little in this world to be sure of, but I am certain to the extent possible that this will be [the defendant’s] only lifetime contact with the criminal justice system . . . and that the sentence thus has limited deterrent and rehabilitative impact on [her].”
Moreover, the record in this case—both the trial evidence and the additional evidence put before the court at sentencing— overwhelmingly established that the defendant had been the victim of her husband’s constant physical and verbal abuse for almost two decades. At the very least, the record established that, as the sentencing court found and the People themselves do not dispute, the prerequisites of Penal Law § 60.12 were satisfied, so the defendant was eligible to be sentenced to an indeterminate pre-Jenna’s Law term of imprisonment.
We need not find that the sentencing court “abused” its discretion in order to invoke our interest of justice jurisdiction to reduce a sentence. Rather, as this Court said in People v Suitte, “since the Legislature has empowered us to modify sentences ‘as a matter of discretion in the interest of justice’ and our general review powers include the right to do whatever the trial court could have done even in matters entrusted to the discretion of that court, we can substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence” (90 AD2d 80, 85-86 [1982], quoting CPL 470.15 [3] [citations omitted]). Under the circumstances of this case, we should utilize that power because the imposition of a five-year determinate term of imprisonment on this defendant was improvident. The Legislature created a compassionate exception within Jenna’s Law for certain victims of domestic violence. If not now, when?