■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS MURPHY, Appellant. [978 NYS2d 686]—

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw,* 18 NY3d 257, 265 [2011]; *People v DeSimone,* 80 NY2d 273, 283 [1992]) and, thus, does not preclude review of his excessive sentence claim. However, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Eng, P.J., Skelos, Roman, Cohen, and Hinds-Radix, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND NICHOLAS, Appellant. [978 NYS2d 695]—

Contrary to the defendant's contention, under the circumstances of this case, the Supreme Court properly admitted into evidence a recording of the complainant's 911 emergency call under the excited utterance exception to the hearsay rule (*see People v Dockery,* 107 AD3d 913, 913-914 [2013]; *People v Clarke,* 101 AD3d 897, 897-898 [2012]).

Furthermore, the Supreme Court's *Molineux* ruling (*see People v Molineux,* 168 NY 264 [1901]) constituted a provident exercise of discretion. The evidence at issue was admissible to establish the defendant's motive and to complete the narrative of events, and its probative value exceeded the potential for prejudice to the defendant (*see People v Thornton,* 105 AD3d 779, 780 [2013]; *People v Alke,* 90 AD3d 943, 944 [2011]; *People v Devaughn,* 84 AD3d 1394, 1395 [2011]; *People v Phillips,* 84 AD3d 1274 [2011]; *People v Holden,* 82 AD3d 1007 [2011]).

The defendant's remaining contention is without merit. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.