*904 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered January 13, 2012, convicting him of attempted murder in the second degree, assault in the first degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The Supreme Court properly permitted the prosecutor to present evidence at trial and to comment on that evidence both in opening and closing statements regarding a shooting that occurred just minutes prior to the shooting that the defendant was charged with committing. This evidence was relevant, as it served to provide necessary background information and to complete the narrative of events leading up to the second shooting (see People v Scarola, 71 NY2d 769, 777 [1988]). Contrary to the defendant’s contention, the rule prohibiting the admission into evidence of a defendant’s uncharged criminal or immoral conduct is not applicable (see People v Ventimiglia, 52 NY2d 350 [1981]; People v Molineux, 168 NY 264 [1901]), because the defendant was never implicated in the commission of the first shooting (see People v Kyser, 183 AD2d 238, 242 [1992]). Indeed, the Supreme Court repeatedly gave a proper limiting instruction as to the purpose of this evidence.
Balkin, J.E, Chambers, Cohen and Duffy, JJ., concur.