■ The People of the State of New York, Respondent, v Lennie Frankline, Appellant. [1 NYS3d 23]—

Judgment, Supreme Court, Bronx County (Ann M. Donnelly, J.), rendered November 1, 2010, convicting defendant, after a jury trial, of attempted murder in the second degree, burglary in the first degree (two counts), assault in the third degree and endangering the welfare of a child, and sentencing him to an aggregate term of 25 years, unanimously affirmed.

The court properly admitted evidence of defendant's assault on the victim, which occurred in Niagara County approximately one week before the crimes at issue. As defendant concedes, this evidence was admissible as background evidence to complete the narrative. Moreover, contrary to defendant's unpreserved claims, this evidence was also probative of defendant's motive (*see People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Bierenbaum*, 301 AD2d 119, 150 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]). We do not find that the amount of such evidence was excessive or inflammatory. Furthermore, the court's thorough instructions minimized any prejudice. In any event, any excessiveness in the scope of the victim's testimony did not warrant the drastic remedy of a mistrial, which was the only remedy defendant sought, and which he requested after the allegedly offending testimony had been completed. Finally, any error in receipt of this evidence was harmless in light of the overwhelming proof of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing defendant's sentence or directing that it be served concurrently with the sentence on defendant's Niagara County conviction. Concur—Gonzalez, P.J., Tom, Friedman, Acosta and Moskowitz, JJ.