THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN MARTINEZ, Appellant. [8 NYS3d 127]—Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered December 16, 2011, as amended December 23, 2011 and January 4, 2012, convicting defendant, after a jury trial, of predatory sexual assault against a child, sexual abuse in the first degree, and endangering the welfare of a child, and sentencing him to an aggregate term of 18 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence established the elements of each of the crimes at issue. There is no basis for disturbing the jury's credibility determinations, including its evaluation of inconsistencies in the victim's testimony and her delay in reporting the full details of her father's unlawful sexual conduct. Furthermore, other family members made observations that tended to corroborate the victim's testimony.

Defendant's claim that his counsel rendered ineffective assistance by failing to request submission of a lesser included offense is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (*see People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of this claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that counsel's failure to request the submission was objectively unreasonable, that he was entitled to such submission, or that there is a reasonable possibility that such submission would have affected the outcome of the case.

The court properly received evidence of an incident that occurred while the family was on a vacation as direct evidence of the endangering the welfare of a child count, although it oc-

curred two months after the time period had ended for the charge of predatory sexual assault against a child. Additionally, this evidence was properly admitted as uncharged crimes evidence relevant to the predatory sexual assault count, in order to complete the victim's narrative, place the events in a believable context and explain the victim's delay in reporting defendant's conduct (*see People v Leeson*, 12 NY3d 823, 827 [2009]; *People v Dorm*, 12 NY3d 16, 19 [2009]).

We perceive no basis for reducing the sentence. Concur— Sweeny, J.P., Andrias, Manzanet-Daniels and Clark, JJ.