■ The People of the State of New York, Respondent, v Omar James, Appellant. [18 NYS3d 157]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered June 1, 2012, convicting him of criminal possession of a weapon in the second degree and criminal possession of marijuana in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"[E]vidence of uncharged crimes is inadmissible where its purpose is only to show a defendant's bad character or

propensity towards crime" (*People v Morris*, 21 NY3d 588, 594 [2013]; *see People v Kims*, 24 NY3d 422, 438 [2014]; *People v Cass*, 18 NY3d 553, 559 [2012]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Molineux*, 168 NY 264, 293 [1901]). However, " '[w]hen evidence of uncharged crimes is relevant to some issue other than the defendant's criminal disposition, it is generally held to be admissible on the theory that the probative value will outweigh the potential prejudice to the accused' " (*People v Morris*, 21 NY3d at 594, quoting *People v Allweiss*, 48 NY2d 40, 47 [1979]; *see People v Cass*, 18 NY3d at 560; *People v Dorm*, 12 NY3d at 19).

In determining whether to admit such evidence, a court should first inquire whether the proponent of the evidence has identified "some material issue, other than the defendant's criminal propensity, to which the evidence is directly relevant" and, if this showing is made, should then "weigh the evidence's probative value against its potential for undue prejudice to the defendant" (*People v Cass*, 18 NY3d at 560). "If the evidence has substantial probative value and is directly relevant to the purpose—other than to show criminal propensity—for which it is offered, the probative value of the evidence outweighs the danger of prejudice and the court may admit the evidence" (*id.*; *see People v Dorm*, 12 NY3d at 19). This determination lies within the discretion of the trial court (*see People v Morris*, 21 NY3d at 595; *People v Dorm*, 12 NY3d at 19; *People v Harris*, 117 AD3d 847, 854 [2014]).

Here, the Supreme Court did not improvidently exercise its discretion in permitting the People to introduce the testimony of the defendant's friend that he had purchased marijuana from the defendant in the past. This testimony was relevant to demonstrate the defendant's knowledge that the bag he moved from the front to the rear of that witness's vehicle contained marijuana and that it belonged to the defendant. The defendant's contention that the court erred in failing to give a limiting instruction regarding this testimony is unpreserved for appellate review and, in any event, any error in this regard does not require reversal.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Cahill*, 2 NY3d 14, 57-58 [2003]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was

not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Naranjo*, 89 NY2d 1047, 1049 [1997]; *People v Suitte*, 90 AD2d 80, 83 [1982]; *see also People v Sheehan*, 106 AD3d 1112, 1113 [2013]; *People v Muniz*, 12 AD3d 937, 939 [2004]; *People v Ward*, 10 AD3d 805, 807-808 [2004]; *People v Hayes*, 236 AD2d 738 [1997]). Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.