■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUES LEVASSEUR, Appellant. [19 NYS3d 277]—

Judgments, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered December 9, 2010, convicting defendant, after a jury trial, of assault in the second degree, criminal possession of a weapon in the fourth degree and endangering the welfare of a child, and also convicting defendant, upon his plea of guilty, of criminal contempt in the second degree, and sentencing him to an aggregate term of three years, unanimously affirmed. Judgment, same court, Justice and date, convicting defendant, upon his plea of guilty, of criminal contempt in the second degree, and sentencing him to a concurrent term of six months, unanimously reversed, on the law, the plea vacated and indictment 2717/10 dismissed as a matter of discretion in the interest of justice.

The court properly exercised its discretion in admitting limited evidence of uncharged crimes that was probative of defendant's motive and that tended to complete the victim's narrative, provide background information explaining the abusive relationship between defendant and the victim, and to place the behavior of both defendant and the victim in a believable context (*see People v Leeson*, 12 NY3d 823, 827 [2009]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Steinberg*, 170 AD2d 50, 72-74 [1st Dept 1991], *affd* 79 NY2d 673 [1992]). Moreover, this evidence was directly relevant to refute defendant's defense, which was that the incident never happened, and that the victim told a "crazy story," as described in defense counsel's opening statement. Without background evidence, the savagery of the attack might have seemed so disproportionate to the alleged precipitating incident as to cast unfair doubt on the victim's credibility. The probative value of this evidence outweighed any prejudicial effect, which was minimized by the court's appropriate limiting instructions.

The court also correctly admitted expert testimony describing typical features of the cycle of domestic violence. The expert's testimony provided the jury with an explanation for what would otherwise be inexplicable behavior by the victim of a violent attack, and involved matters beyond the knowledge of the average juror (*see People v Spicola*, 16 NY3d 441, 465-466 [2011], *cert denied* 565 US —, 132 S Ct 400 [2011]; *People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Byrd*, 51 AD3d 267, 273-274 [1st Dept 2008], *lv denied* 10 NY3d 956 [2008]).

As the People concede, one of defendant's contempt convictions was based on a defective guilty plea, and further prosecution of that charge is unwarranted. However, there is no basis upon which to vacate the remaining contempt conviction. Concur—Sweeny, J.P., Acosta, Richter and Manzanet-Daniels, JJ.