■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAQWAN JOHNSON, Appellant. [26 NYS3d 356]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered August 26, 2011, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of shooting and killing his friend, Antonio Patterson, in a municipal parking lot across the street from the Island Rock Club located in Roosevelt, Long Island. At trial, an eyewitness testified that she was inside the club when she observed two men enter, approach the defendant and Patterson, and direct them to come outside. According to the eyewitness, when she went outside, she observed Patterson and one of the men engaged in a physical altercation and heard someone shout, "what are you waiting for," whereupon the defendant drew a black handgun from his waistband and fired once in the direction of the altercation, striking Patterson. A mask with the defendant's DNA on it was recovered from scene.

The defendant contends that his right to be present during the impaneling of the jury was violated when the Supreme Court held two sidebar conferences in his absence. This contention is without merit. After the panel of prospective jurors exited the courtroom, defense counsel asked to approach the bench with the prosecutor. Following a brief conference, the attorneys exercised their challenges for cause and their peremptory challenges. Immediately thereafter, the attorneys again conferred with the court and privately with each other. At that point, the court announced on the record that the parties had stipulated that two of the potential jurors, against whom peremptory challenges had initially been exercised, would be alternate jurors. Both attorneys acknowledged the agreement.

In light of the stipulation, the defendant's presence at the

conferences would not have affected the outcomes (*see People v Favor*, 82 NY2d 254 [1993]; *People v Landry*, 258 AD2d 475 [1999]). Moreover, the voir dire was performed in open court and the challenges were made in open court, in the presence of the defendant and his attorney, and the defendant had an opportunity to discuss the stipulation with counsel before it was formally accepted by the court and given effect in his presence when the accepted alternates were sworn in open court (*see People v Velasco*, 77 NY2d 469 [1991]; *People v Cobb*, 77 AD3d 673 [2010]; *People v Rolle*, 4 AD3d 542 [2004]).

The defendant also argues that he was denied his right to a fair trial when the Supreme Court admitted into evidence the testimony of a witness that, approximately 30 minutes prior to the shooting, the witness was approached by two men in the parking lot outside the club, one of whom wore a mask and brandished a black gun.

"[E]vidence of uncharged crimes is inadmissible where its purpose is only to show a defendant's bad character or propensity towards crime" (*People v Morris*, 21 NY3d 588, 594 [2013]; *see People v Cass*, 18 NY3d 553, 559 [2012]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Molineux*, 168 NY 264, 293 [1901]). However, " '[w]hen evidence of uncharged crimes is relevant to some issue other than the defendant's criminal disposition, it is generally held to be admissible on the theory that the probative value will outweigh the potential prejudice to the accused' " (*People v Morris*, 21 NY3d at 594, quoting *People v Allweiss*, 48 NY2d 40, 47 [1979]). Thus, evidence of uncharged crimes may be admitted where it shows intent, motive, knowledge, common scheme or plan, or identity of the defendant (*see People v Arafet*, 13 NY3d 460 [2009]; *People v Molineux*, 168 NY at 293). In addition, the purposes for which uncharged crime evidence may properly be admitted include completing the narrative of the events charged in the indictment and providing necessary background information (*see People v Tosca*, 98 NY2d 660 [2002]; *People v Harris*, 117 AD3d 847 [2014], *affd* 26 NY3d 1 [2015]; *People v Gordon*, 308 AD2d 461 [2003]; *People v Jones*, 221 AD2d 661 [1995]). The determination lies within the discretion of the trial court (*see People v Morris*, 21 NY3d at 595; *People v Dorm*, 12 NY3d 16 [2009]; *People v James*, 132 AD3d 905 [2015]).

The Supreme Court providently exercised its discretion in admitting the witness's testimony, as it was relevant to and probative of the defendant's motive to commit the charged crimes, and the testimony gave the jury an appropriate context in which to evaluate the case (*see People v Wisdom*, 120 AD3d

724 [2014]). The testimony provided an explanation to the jury for the fight between Patterson and one of the men, and for the defendant's possession of the gun in the parking lot (*see People v Williams*, 27 AD3d 673 [2006]). In addition, the testimony was necessary background evidence and completed the narrative of events leading up to the shooting (*see People v Tosca*, 98 NY2d at 661; *People v Crevelle*, 125 AD3d 995 [2015]; *People v Armstead*, 118 AD3d 903 [2014]; *People v Dahlbender*, 23 AD3d 493 [2005]), and was also probative of the eyewitness's credibility, "which was a central issue for the jury to resolve" (*People v Morris*, 21 NY3d at 597).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Hall, Roman and Maltese, JJ., concur.