OPINION OF THE COURT
Memorandum.
The order of Appellate Division should be affirmed.
Defendant Lennie Frankline challenges his conviction, alleging that the victim’s testimony about his prior act of violence against her, while generally admissible as nonpropensity evidence, was prejudicially excessive in scope. Given the trial record, we conclude reversal is unwarranted.
At defendant’s trial on charges arising from his attempted murder and assault of his former intimate partner, A.H., she testified to an attack by defendant one week before the assault at issue. The court allowed this testimony as an exception to the general prohibition on evidence of prior bad acts because it served as background about A.H.’s relationship with defendant, as well as proof of his intent and motive.[1]
On the stand, A.H. recounted how she and defendant came to live together, moved to Niagara County from New York City, and that sometime later she decided to leave defendant. However, when she returned to their apartment to pick up her possessions, defendant confronted her and words escalated to violence. A.H. described in detail how over the course of the next two to three days defendant physically, mentally, and sexually abused her, poured gasoline on her, and threatened to light her on fire. She eventually managed to escape, and reported the attack to the police before returning with her mother to New York City. A.H. next described that approximately a week later, defendant broke into her mother’s home in New York City, and again beat her, doused her with gasoline, and attempted to ignite lighters in front of her, until she was once again able to escape.
*1115 The court provided the jury with three sets of limiting instructions regarding this evidence: the first before witness testimony, the second immediately preceding A.H.’s testimony about the Niagara County attack, and then once more during the court’s final jury charge. Each time the court informed the jury that the testimony concerning the Niagara County attack was introduced solely to provide background regarding the relationship between defendant and A.H., that the People contended it was proof of defendant’s intent and motive, that the testimony was not evidence of defendant’s propensity to commit the crimes charged, nor sufficient to convict defendant of those New York City crimes, and that the People had the burden to prove beyond a reasonable doubt all elements of those charged crimes.
The jury convicted defendant of attempted murder in the second degree (Penal Law §§ 110.00, 125.25), assault in the third degree (Penal Law § 120.00 [1]), two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]), and endangering the welfare of a child (Penal Law § 260.10 [1]). The Appellate Division affirmed (123 AD3d 504 [1st Dept 2014]), and a Judge of this Court granted defendant leave to appeal (25 NY3d 1072 [2015]). We now affirm.
The People may not rely on prior bad acts as evidence of a defendant’s propensity to commit the crimes charged (People v Molineux, 168 NY 264, 313 [1901]), but the evidence may be admissible, as here, for background and to establish a defendant’s motive (id. at 297; see also People v Resek, 3 NY3d 385, 390 [2004]; People v Till, 87 NY2d 835, 837 [1995]). Previous acts of intimate partner violence may be nonpropensity evidence “probative of [a defendant’s] motive and intent to assault [the] victim” and which “provide [s] necessary background information on the nature of the [defendant and victim’s] relationship” (People v Dorm, 12 NY3d 16, 19 [2009]). “Where there is a proper nonpropensity purpose, the decision whether to admit evidence of defendant’s prior bad acts rests upon the trial court’s discretionary balancing of probative value and unfair prejudice” (id.). A court’s decision whether to admit the evidence is reviewed for abuse of discretion (id.). An error in the court’s ruling, however, may be deemed harmless where the evidence of guilt is overwhelming and there is no significant probability that the jury would have acquitted but for the error (People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant concedes that the testimony about the Niagara County attack was admissible to show background and motive *1116 for the New York City assault, but claims that he was denied a fair trial because A.H.’s testimony was excessive and highly inflammatory, making it impossible for the jury to fairly and objectively assess the evidence of the New York City assault.[2] Essentially defendant argues he was prejudiced by the court’s failure to limit the testimony to a summary discussion of the Niagara County incident.
Defendant relies on People v Stanard, wherein the Court stated that lower courts must carefully monitor introduction of background evidence and take every precaution “lest it spill over its barriers and distort the jury’s contemplation of the determinative and critical evidence” (32 NY2d 143, 146 [1973] [internal quotation marks and citation omitted]). In Stanard, the defendant was charged with perjury for lying to a grand jury investigating police corruption in a division of the New York City Police Department. This Court held that the defendant was entitled to a new trial because he was substantially prejudiced by Patrolman Frank Serpico’s extensive testimonial accounts regarding numerous acts of corruption, which concerned specific transactions unconnected and plainly ir-revelant to the defendant’s alleged perjury. As the Court explained, where the background evidence is of such nature and amount that a court cannot “state with any conviction that evidence heard by a jury is not prejudicial to a defendant,” “any substantial doubt” on where “to strike a neat balance between possible prejudice to the defendant, and the indispensability of the challenged evidence to the People’s case . . . should weight the scales in favor of the defendant” (id. at 147). Thus, because Serpico’s testimony did not help the jury to understand the defendant’s actions, and instead “embroiled” him in general “reprehensible” police corruption, it destroyed “the reasonable balance between the claimed importance of this background evidence and its potential for prejudicing the defendant’s case” (id. at 145-147). In light of the impact of the testimony, the trial court’s limiting instructions did not cure the error, nor was the error harmless given “the improper totality of the explanatory evidence which substantially prejudiced the defendant’s right to a fair trial” (id. at 147-148).
*1117 We cannot say that both defects necessary for reversible error are present in defendant’s case, namely, that the trial court abused its discretion by failing to limit A.H.’s testimony and that such error substantially prejudiced the defendant so as to foreclose a determination of harmlessness. Unlike the evidence in Stanard, here, A.H.’s testimony concerned the same parties, and served the nonpropensity purpose of directly explaining her relationship with the defendant and his motive. This is far from a case where “the jury did not require a recital of such a prologue to understand fully what had taken place in the defendant’s encounters with [the victim]” (id. at 147). In the same vein, testimony that the defendant previously attacked A.H. would not have led the jury to marginalize, relegate to the background, or ignore the grievous nature of the New York City assault, which was characterized by physical violence and several failed attempts at immolation.
Under these circumstances, we perceive no error that requires a reversal of defendant’s conviction.

. Although the minutes of the Molineux hearing are apparently missing from the record, there is no dispute as to the court’s evidentiary determination. The court restated several times during trial that its initial and continued ruling was that A.H. could testify about the previous assault because it was background, intent and motive evidence. Therefore, the record on appeal is sufficient to permit our review of defendant’s challenge to the trial testimony.

. Defendant argued below that the testimony was inadmissible to show his intent because intent was inferable from his conduct during the New York City attack. Since defendant concedes, as the Appellate Division concluded, that the evidence of the prior assault was admissible as background and probative of defendant’s motive, we have no reason to opine on his claim that the testimony should not have been admitted to show defendant’s intent. Moreover, such claim has no impact on our analysis.