— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered March 26, 2013, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review since he failed to move for a trial order of dismissal specifically directed at the errors he now claims (see CPL 470.05 [2]; People v Carncross, 14 NY3d 319, 324-325 [2010]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Hines, 97 NY2d 56, 62 [2001]; People v Gray, 86 NY2d 10, 19 [1995]; People v Pitre, 108 AD3d 643, 643 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt.
*1196 Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, the Supreme Court’s Molineux ruling (see People v Molineux, 168 NY 264 [1901]) constituted a provident exercise of discretion. The evidence at issue was admissible to establish the defendant’s motive, and its probative value exceeded the potential for prejudice to the defendant (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Nanand, 137 AD3d 945, 947 [2016]; People v Johnson, 137 AD3d 811 [2016]; People v Nicholas, 113 AD3d 701 [2014]).
The defendant’s claim that the prosecutor violated the Supreme Court’s Molineux ruling is largely unpreserved for appellate review because, in most instances, the defendant failed to object to the remarks at issue (see CPL 470.05 [2]). In any event, to the extent that such evidence was admitted in error, the error was harmless (see People v Arafet, 13 NY3d 460, 468 [2009]; People v Crimmins, 36 NY2d 230, 237 [1975]).
The defendant’s contention that the Supreme Court erred in permitting two of the People’s witnesses to testify regarding out-of-court photo identifications is unpreserved for appellate review and, in any event, does not require reversal (see People v Lassiter, 74 AD3d 1094 [2010]).
The Supreme Court providently exercised its discretion in admitting into evidence a photograph of the defendant since its sole purpose was not to arouse the emotions of the jury and to prejudice the defendant (see People v Wood, 79 NY2d 958, 960 [1992]; People v Ross, 112 AD3d 972, 973 [2013]; People v Chandler, 51 AD3d 941, 942 [2008]; People v Acevedo, 221 AD2d 550, 550 [1995]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 86 [1982]).
The defendant’s remaining contentions are without merit.
Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.