The People of the State of New York, Respondent, 
against
Delvin Espinal, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin B. McGrath, J.), rendered September 12, 2013, convicting him, after a nonjury trial, of attempted assault in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kevin B. McGrath, J.), rendered September 12, 2013, affirmed.
We find no abuse of discretion in the court's Molineux (People v Molineux, 168 NY 264 [1901]) rulings. The court properly permitted the prosecutor to elicit evidence that seven months before the charged crime, defendant threatened the victim, his sister, punched a hole in her bedroom door, and grabbed her by the neck with both hands and applied pressure. The evidence was probative of defendant's motive, tended to complete the victim's narrative, provided background information explaining the abusive relationship between defendant and the victim, and placed the behavior of both defendant and the victim in a believable context (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Levasseur, 133 AD3d 411 [2015], lv denied 27 NY3d 1001 [2016]). The court also properly exercised its discretion in modifying its initial ruling and admitting previously precluded uncharged crimes evidence. Defendant opened the door to such evidence during his cross-examination of the victim with respect to her failure to report a history of abuse by defendant (see People v Melendez, 55 NY2d 445, 451—452 [1982]; People v McIver, 245 AD2d 180, 180-181 [1997], lv denied 91 NY2d 1010 [1998]).
Moreover, the evidence was not unduly prejudicial. In a nonjury trial, the trial court is presumed, by virtue of learning and experience, to have considered only the competent evidence adduced in reaching its determination (see People v Torres, 1 AD3d 621 [2003], lv denied 1 NY3d 602 [2004]). In any event, in light of the overwhelming proof of guilt, there is no significant probability that, even if erroneously admitted, the Molineux proof contributed to the guilty verdict (see People v Addison, 107 AD3d 730, 731 [2013], lv denied 22 NY3d 1136 [2014]]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: February 17, 2017