People v Flambert (2018 NY Slip Op 02911)





People v Flambert


2018 NY Slip Op 02911


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Mazzarelli, J.P., Kapnick, Kahn, Kern, Singh, JJ.


6404 2797/14

[*1]The People of the State of New York, Respondent,
v
Jean-Carlo Flambert, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Siobhan Atkins of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Yan Slavinskiy of counsel), for respondent.



Judgment, Supreme Court, New York County (Patricia M. Nuñez, J.), rendered August 10, 2015, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to a term of five years' probation, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant hit the victim with a clothing iron, causing a bump on the victim's head and a laceration on his collarbone. The testimony of the victim, police officers and an emergency room physician supported the conclusion that the injury caused "more than slight or trivial pain" (see People v Chiddick, 8 NY3d 445, 447 [2007]; see also People v Guidice, 83 NY2d 630, 636 [1994]).
In this domestic violence case, the court providently exercised its discretion in admitting evidence of defendant's past physical and verbal abuse of the victim when defendant was "heavily intoxicated." This evidence constituted highly probative background information that tended to explain the relationship between defendant and the victim, place the events in question in a believable context and refute defendant's defense (see People v Frankline, 27 NY3d 1113, 1115 People v Dorm, 12 NY3d 16 [2009]; People v Steinberg, 170 AD2d 50, 72-74 [1st Dept 1991], affd 79 NY2d 673 [1992]). The probative value of this evidence exceeded any prejudicial effect, which was minimized by the court's instructions.
The court properly denied defendant's challenges for cause to two prospective jurors. Neither juror's comments "cast serious doubt on [his or her] ability to render an impartial verdict," (People v Arnold, 96 NY2d 358, 363 [2001]) and each panelist's responses, viewed as a whole, provided an unequivocal declaration of impartiality.
In those instances where the court overruled objections to the prosecutor's summation that were made on specific grounds relating to alleged misstatements of the evidence, we find that the remarks at issue sought to draw permissible inferences from the record (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]). Defendant did not [*2]preserve any of his other claims regarding the summation, or his challenge to the court's response to a jury note, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK