People v Moreno (2020 NY Slip Op 05468)





People v Moreno


2020 NY Slip Op 05468


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Friedman, J.P., Webber, Kern, Moulton, JJ. 


Ind No. 3867/17 Appeal No. 11937 Case No. 2019-5267 

[*1]The People of the State of New York, Respondent,
v
Bryan Moreno, Defendant-Appellant.


Law offices of Albert Y. Dayan, Kew Gardens (Albert Y. Dayan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal counsel), for respondent.



Judgment, Supreme Court, New York County (Michele S. Rodney, J.), rendered April 10, 2019, convicting defendant, after a jury trial, of burglary in the first degree, assault in the second and third degrees, and strangulation in the second degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.
Evidence of defendant's prior abusive conduct toward the victim was properly admitted as proof of his intent in entering her apartment, and to provide context regarding the nature of their relationship (see People v Dorm, 12 NY3d 16 [2009]; People v Greene, 162 AD3d 415, 415 [1st Dept 2018], lv denied 31 NY3d 1148 [2018]). The probative value of this evidence outweighed any prejudicial effect, which was minimized by the court's limiting instruction.
The court properly denied defendant's request to submit second-degree criminal trespass to the jury as a lesser included offense of first-degree burglary, because there was no reasonable view of the evidence that defendant entered the victim's apartment unlawfully, but without intent to commit a crime. The victim testified that defendant entered the apartment unlawfully for the purpose of taking violent revenge against her, and defendant testified that he entered the apartment lawfully. There was no way for the jury to find that defendant was inside the apartment unlawfully, but had no intent to commit a crime, without selectively dissecting the respective testimony or speculating as to a scenario not supported by any evidence (see generally People v Rivera, 23 NY3d 112, 120-21 [2014]).
The court also properly denied defendant's request to submit third-degree assault as a lesser included offense of second-degree assault, because there is no reasonable view of the evidence that defendant injured the victim without using a dangerous instrument. Although defendant suggests that the injury in question could have been caused when he punched the victim with his bare hands, the injury was a forehead laceration that could not have been caused by a punch.
The trial court also properly denied defendant's request to submit criminal obstruction of breathing or blood circulation as a lesser included offense of second-degree strangulation, because there is no reasonable view of the evidence that he applied pressure to the victim's neck without thereby causing physical injury.
Defendant did not preserve any of his arguments concerning the timing of the court's limiting instruction on uncharged crimes, the court's explanation of the elements
of burglary, or the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020