People v King (2022 NY Slip Op 03975)

People v King

2022 NY Slip Op 03975

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Acosta, P.J., Kapnick, Friedman, Mendez, Higgitt, JJ. 

Ind No. 95/19 Appeal No. 16132 Case No. 2020-01371 

[*1]The People of the State of New York, Respondent,
v
Khalid King, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth G. Caldwell of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jillian Lewis of counsel), for respondent.

Judgment, Supreme Court, New York County (Stephen M. Antignani, J.), rendered January 14, 2020, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and menacing in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 2½ to 5 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of alleged inconsistencies in testimony. Defendant's acquittal of one of the original charges does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]).
The court providently exercised its discretion by admitting carefully limited testimony about uncharged prior domestic violence as background evidence to explain the relationship between defendant and the victim and to place the behavior of both parties in a believable context (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Levasseur, 133 AD3d 411, 411 [1st Dept 2015], lv denied 27 NY3d 1001 [2016]; People v Steinberg, 170 AD2d 50, 72-74 [1st Dept 1991], affd 79 NY2d 673 [1992]). The existence of the prior incidents was sufficiently established through the victim's reliable testimony. The probative value of this evidence outweighed any prejudicial effect, which was mitigated by the court's limiting instructions. In any event, any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022