People v Anderson (2023 NY Slip Op 00792)

People v Anderson

2023 NY Slip Op 00792

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1044 KA 19-02110

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TREVER E. ANDERSON, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered June 27, 2019. The judgment convicted defendant upon a jury verdict of strangulation in the second degree and aggravated family offense (seven counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of one count of strangulation in the second degree (Penal Law § 121.12) and seven counts of aggravated family offense (§ 240.75). Contrary to defendant's contention, viewing the evidence in light of the elements of the crime of strangulation in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's further contention that Supreme Court erred in permitting the People to introduce Molineux evidence related to prior incidents of domestic violence between defendant and the complainant. The court properly concluded that the evidence "provided necessary background information on the nature of the relationship and placed the charged conduct in context" (People v Dorm, 12 NY3d 16, 19 [2009]; see People v Swift, 195 AD3d 1496, 1499 [4th Dept 2021], lv denied 37 NY3d 1030 [2021]; see generally People v Frankline, 27 NY3d 1113, 1115 [2016]), and was relevant to the issue of defendant's intent (see Dorm, 12 NY3d at 19; People v Cung, 112 AD3d 1307, 1310 [4th Dept 2013], lv denied 23 NY3d 961 [2014]). We further conclude that the court did not abuse its discretion in determining that the probative value of the evidence outweighed its potential for prejudice to defendant (see Dorm, 12 NY3d at 19; see generally People v Alvino, 71 NY2d 233, 242 [1987]), and that the court's repeated limiting instructions minimized any such prejudice (see People v Murray, 185 AD3d 1507, 1508 [4th Dept 2020], lv denied 36 NY3d 974 [2020]; People v Matthews, 142 AD3d 1354, 1356 [4th Dept 2016], lv denied 28 NY3d 1125 [2016]).
Contrary to defendant's contention, we conclude that the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). We have reviewed defendant's remaining contentions and conclude that they do not warrant modification or reversal of the judgment.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court