THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. LOEWKE, Appellant. [788 NYS2d 761]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered July 15, 2003. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree, rape in the second degree (two counts) and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, sexual abuse in the first degree (Penal Law § 130.65 [3]), defendant contends that County Court erred in denying his request for an adjournment to retain private counsel. We reject that contention. "[W]hen [a] case is pending in the courts, a request to change counsel previously retained or assigned must be addressed to the Trial Judge's discretion to insure that the defendant's purported exercise of the right [to change counsel] does not serve to delay or obstruct the criminal proceedings" (People v Tineo, 64 NY2d 531, 536 [1985]). In support of his request for an adjournment, defendant did not contend that his assigned counsel's representation was less than meaningful or that his assigned counsel was not competent. Additionally, the record establishes that defendant had indicated to the court four months before the commencement of trial that he was seeking to retain private counsel. Under the circumstances, it cannot be said that the court abused its discretion in denying defendant's request for an adjournment (see generally People v Richardson, 202 AD2d 227, 228-229 [1994]). Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.