■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRELL FLAGG, Appellant. [793 NYS2d 802]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered October 20, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, reckless endangerment in the second degree and criminal mischief in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, assault in the second degree (Penal Law § 120.05 [3]), defendant contends that he was denied effective assistance of counsel. We reject that contention. The evidence, the law, and the circumstances of the case, viewed in totality and as of the time of the representation, establish that defense counsel provided meaningful representation (see generally People v Henry, 95 NY2d 563, 565 [2000]; People v Baldi, 54 NY2d 137, 147 [1981]). Also contrary to defendant's contention, County Court did not abuse its discretion in denying defense counsel's request for a competency examination to determine whether defendant was an incapacitated person (see CPL 730.30 [1]). The court had ample opportunity to observe defendant, and the record supports the court's determination that, despite his angry outbursts, defendant demonstrated an understanding of the proceedings and had the ability to assist in his own defense (see People v Russell, 74 NY2d 901, 902 [1989]; People v Maldonado, 273 AD2d 537, 540-541 [2000], lv denied 95 NY2d 867 [2000]). Nor did the court abuse its discretion in denying defendant's request, made on the eve of trial, for an adjournment to permit retained counsel to take over defendant's representation from assigned counsel (see People v Tineo, 64 NY2d 531, 536-537 [1985]; People v Loewke, 15 AD3d 859 [2005]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Hurlbutt, Kehoe, Smith and Hayes, JJ.