People v Swift (2021 NY Slip Op 03785)





People v Swift


2021 NY Slip Op 03785


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1227 KA 15-00981

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALBERT W. SWIFT, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered February 26, 2015. The judgment convicted defendant upon a jury verdict of burglary in the first degree (two counts), aggravated criminal contempt, criminal contempt in the first degree and strangulation in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and as a matter of discretion in the interest of justice by reversing that part convicting defendant of strangulation in the second degree and granting a new trial on count five of the indictment and by reducing the sentences of imprisonment imposed for burglary in the first degree under counts one and two of the indictment to determinate terms of 10 years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]) and one count of strangulation in the second degree (§ 121.12), among other offenses. Although defendant failed to preserve for our review his contention that the evidence is not legally sufficient to support the conviction (see People v Gray, 86 NY2d 10, 19 [1995]), we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]) and conclude that the evidence is legally sufficient to support the conviction. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences that could lead a reasonable person to conclude that defendant unlawfully entered the apartment he once shared with the complainant (see generally People v Danielson, 9 NY3d 342, 349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). The complainant testified that she had kicked defendant out of the apartment some time before the night of the incident, and the evidence at trial established that defendant had to physically break two different doors to access the apartment.
Contrary to defendant's further contention, we conclude that the evidence is legally sufficient to establish that the complainant sustained a physical injury (see Penal Law § 10.00 [9]; People v Ruvalcaba, 187 AD3d 1553, 1556 [4th Dept 2020], lv denied 36 NY3d 1053 [2021]; People v McKelvey, 180 AD3d 494, 494 [1st Dept 2020], lv denied 35 NY3d 994 [2020]; cf. People v Case, 150 AD3d 1634, 1635-1636 [4th Dept 2017]; People v White, 100 AD3d 1397, 1399 [4th Dept 2012]). The complainant testified that defendant punched and choked her, causing her to gasp for air and, at some point during the incident, to urinate on herself. Following the incident, the complainant's neck "was really sore" and "[i]t really hurt to even move it." Additionally, her "back was sore, [her] side was sore," and her pain level was a seven out of ten, prompting her to go to the hospital for treatment. In pictures displayed to the jury, the complainant identified bruises and marks from defendant's fingers on her neck.
We further conclude, after viewing the evidence in light of the elements of the crimes as [*2]charged to the jury (see Danielson, 9 NY3d at 349), that the verdict is not against the weight of the evidence (see Bleakley, 69 NY2d at 495).
With respect to the issue of physical injury, defendant further contends that County Court erred in denying his request to charge attempted strangulation in the second degree as a lesser included offense of strangulation in the second degree. We agree. To be entitled to a charge on a lesser included offense, "a defendant must show both that the greater crime cannot be committed without having concomitantly committed the lesser by the same conduct, and that a reasonable view of the evidence supports a finding that he or she committed the lesser, but not the greater, offense" (People v James, 11 NY3d 886, 888 [2008]; see People v Glover, 57 NY2d 61, 63 [1982]).
Here, there is no question that the first prong of the test has been met; the disputed issue is whether there is a reasonable view of the evidence supporting a determination of guilt on the lesser count but not the higher count. Strangulation in the second degree requires proof that the victim suffered stupor, loss of consciousness, or physical injury or impairment (Penal Law § 121.12). Inasmuch as there was no evidence that the complainant suffered stupor or loss of consciousness, defendant's guilt of this offense rested entirely on the evidence that the complainant sustained a physical injury. Viewing the evidence in the light most favorable to defendant (see People v Rivera, 23 NY3d 112, 120-121 [2014]), we conclude that a reasonable view of the evidence would have supported a determination that the complainant did not sustain a physical injury and thus that defendant was guilty of only the lesser offense and not the greater (cf. People v Moreno, 187 AD3d 449, 450 [1st Dept 2020], lv denied 36 NY3d 974 [2020]; People v Pietoso, 168 AD3d 1276, 1280 [3d Dept 2019], lv denied 33 NY3d 1034 [2019]). We therefore modify the judgment by reversing that part convicting defendant of strangulation in the second degree, and we grant defendant a new trial on count five of the indictment.
Contrary to defendant's further contention, the court did not err in permitting the People to introduce Molineux evidence related to two prior incidents of domestic violence between defendant and the complainant. That evidence provided background information related to the parties' relationship and put defendant's charged conduct in context (see People v Leonard, 29 NY3d 1, 7 [2017]; People v Frankline, 27 NY3d 1113, 1115 [2016]; People v Colbert, 60 AD3d 1209, 1212 [3d Dept 2009]). In addition, the first incident was relevant to establish the existence and defendant's knowledge of the order of protection that he allegedly violated (see People v Anderson, 120 AD3d 1548, 1548-1549 [4th Dept 2014], lv denied 24 NY3d 1042 [2014]; People v Thomas, 26 AD3d 241, 241 [1st Dept 2006], lv denied 6 NY3d 898 [2006]).
Defendant raises several issues in contending that he was denied effective assistance of counsel, but we conclude that his contention lacks merit. Although defendant did not receive error-free representation, "[t]he test is 'reasonable competence, not perfect representation' " (People v Oathout, 21 NY3d 127, 128 [2013]). Viewing the evidence, the law, and the circumstances of this case as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, we agree with defendant that the sentence is unduly harsh and severe under the circumstances of this case. Defendant has no prior criminal record, has been hospitalized numerous times for severe mental illness, and was offered an aggregate sentence of five years by the People in their pretrial plea offer. Thus, as a matter of discretion in the interest of justice, we further modify the judgment by reducing the sentences of imprisonment imposed for burglary in the first degree under counts one and two of the indictment to determinate terms of 10 years, to be followed by the five years of postrelease supervision imposed by the court (see CPL 470.15 [6] [b]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court