People v Abughanem (2022 NY Slip Op 01938)





People v Abughanem


2022 NY Slip Op 01938


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


1039 KA 19-00583

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GHANEM ABUGHANEM, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James A. McLeod, A.J.), entered February 6, 2019. The judgment convicted defendant upon a jury verdict of strangulation in the second degree, criminal obstruction of breathing or blood circulation and assault in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is modified on the law by reversing that part convicting defendant of assault in the third degree under count four of the indictment and dismissing that count, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of strangulation in the second degree (Penal Law § 121.12), criminal obstruction of breathing or blood circulation (§ 121.11 [a]), and two counts of assault in the third degree (§ 120.00 [1]), resulting from an incident of domestic violence between defendant and his wife (complainant).
Defendant contends that he was deprived of a fair trial because, on numerous occasions, County Court improperly intervened in the interpreters' translation of testimony from the complainant and defendant by supplying the interpreters and witnesses with instructions. Defendant also contends that he was deprived of a fair trial due to several errors in the interpreters' translation of witness testimony. We conclude that those contentions are unpreserved because, as defendant correctly concedes, defense counsel did not object to any of the alleged improprieties at trial (see CPL 470.05 [2]; see generally People v Pizarro, 151 AD3d 1678, 1681 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]; People v DeNormand, 1 AD3d 1047, 1048 [4th Dept 2003], lv denied 1 NY3d 626 [2004]).
We also reject defendant's alternative contention that he was denied effective assistance of counsel by defense counsel's failure to object to the aforementioned improprieties because we conclude that any such challenges were without merit (see People v Stachnik, 101 AD3d 1590, 1591 [4th Dept 2012], lv denied 20 NY3d 1104 [2013]; People v Bassett, 55 AD3d 1434, 1438 [4th Dept 2008], lv denied 11 NY3d 922 [2009]). Specifically, the challenged incidents where the court intervened with the interpreters and the witnesses to provide instructions did not deprive defendant of a fair trial inasmuch as the court did "not unnecessarily or excessively interfere in the presentation of proof or convey to the jury [its] opinion concerning the credibility of the witnesses or the merits of the case" (People v West, 129 AD3d 1629, 1630 [4th Dept 2015], lv denied 26 NY3d 972 [2015] [internal quotation marks omitted]; see People v Richards, 177 AD3d 1280, 1282 [4th Dept 2019], lv denied 35 NY3d 994 [2020]). The court's interventions during the complainant's and defendant's testimony were done to "facilitate the progress of the trial" (People v Pham, 178 AD3d 1438, 1438 [4th Dept 2019], lv denied 35 NY3d 943 [2020] [internal quotation marks omitted]), and, given the language barriers, were warranted to ensure that questions were properly posed and clearly answered (see People v Roberts, 210 AD2d 511, 511 [2d Dept 1994], lv denied 85 NY2d 865 [1995]; People v Rodriguez, 114 AD2d [*2]525, 525 [2d Dept 1985], lv denied 66 NY2d 1043 [1985]; cf. People v Buckheit, 95 AD2d 814, 814 [2d Dept 1983]). In addition, defense counsel was not ineffective for failing to object to any errors in the translation of the witnesses' testimony because defendant failed to establish that there was " 'a serious error in translation' [or] that the alleged problems with the translation prevented him from conducting an effective [direct examination] or cross-examination [of the witnesses in question] or caused [him] any other prejudice" (People v Chowdhury, 180 AD3d 455, 456 [1st Dept 2020]; see Pizarro, 151 AD3d at 1681; People v Dat Pham, 283 AD2d 952, 952 [4th Dept 2001], lv denied 96 NY2d 900 [2001]).
Defendant next contends that the evidence is legally insufficient to support the conviction with respect to strangulation in the second degree under count one of the indictment, criminal obstruction of breathing or blood circulation under count two of the indictment, and assault in the third degree under counts three and four of the indictment. Insofar as relevant here, "[a] person is guilty of strangulation in the second degree when he or she commits the crime of criminal obstruction of breathing or blood circulation . . . and thereby causes stupor, loss of consciousness for any period of time, or any other physical injury or impairment" (Penal Law § 121.12). "A person is guilty of criminal obstruction of breathing or blood circulation when, with intent to impede the normal breathing or circulation of the blood of another person, he or she . . . applies pressure on the throat or neck of such person" (§ 121.11 [a]). "A person is guilty of assault in the third degree when . . . [w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person" (§ 120.00 [1]). Physical injury is defined as the "impairment of physical condition or substantial pain" (§ 10.00 [9]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant is guilty under counts one, two, and three of the indictment (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). With respect to counts one and two, we conclude that a rational jury could have inferred beyond a reasonable doubt that defendant committed strangulation in the second degree and criminal obstruction of breathing or blood circulation (see People v Swift, 195 AD3d 1496, 1497-1498 [4th Dept 2021], lv denied 37 NY3d 1030 [2021]; People v Haardt, 129 AD3d 1322, 1323-1324 [3d Dept 2015]). Specifically, the complainant testified that defendant put his hands around her neck and choked her from behind, constricting her breathing by applying force to the back of her neck with his thumbs while his fingers wrapped around to her throat. She also testified that after defendant released his handhold on her neck, he wrapped a blanket around complainant's head and neck and used it to choke her until she lost consciousness. Although the testifying first responders did not observe bruising to complainant's neck immediately after the incident, a photograph of the complainant taken at the hospital shows bruising to her neck area.
With respect to count three, we conclude that a rational jury could have inferred beyond a reasonable doubt that defendant committed assault in the third degree by punching the complainant in the face, which caused her to sustain a physical injury (see People v Barrett, 188 AD3d 1736, 1739 [4th Dept 2020]; People v Azadian, 195 AD2d 564, 564 [2d Dept 1993], lv denied 82 NY2d 804 [1993]; see also People v Huddleston, 196 AD3d 1098, 1099 [4th Dept 2021], lv denied 37 NY3d 1060 [2021]). Specifically, the complainant testified that defendant hit her in the face, just above her mouth, with the cell phone he was holding in his hand. She also testified that, as a consequence of being hit in the face, she was in a lot of pain and could not speak because her mouth went numb, and that she received medical treatment for her injury. The first responders testified that the complainant was bleeding from her nose and mouth when they arrived, and photographs taken at the hospital documented her bloody mouth and swollen lips. Further, viewing the evidence in light of the elements of those crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict on counts one, two, and three of the indictment is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We agree with defendant, however, that the evidence is legally insufficient to support his conviction of assault in the third degree under count four of the indictment. With respect to that count, which arose from the allegation that defendant caused the complainant physical injury by jumping on her back, we conclude that the People failed to present evidence establishing beyond a reasonable doubt that she sustained a physical injury during that part of the encounter. Specifically, although the complainant testified that defendant jumped on her back and that she [*3]reported back pain to both first responders and hospital personnel, there are no photographs of any back injuries or any evidence that the complainant suffered from substantial back pain following the incident (see generally People v Smith [appeal No. 1], 186 AD3d 1106, 1108 [4th Dept 2020]; People v Gibson, 134 AD3d 1512, 1514 [4th Dept 2015], lv denied 27 NY3d 1151 [2016]). We therefore modify the judgment by reversing that part convicting defendant of assault in the third degree under count four of the indictment and dismissing that count of the indictment.
Finally, contrary to defendant's further contention, we conclude that the sentence is not unduly harsh or severe.
All concur except Carni, J., who is not participating.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court