People v Dowdell (2023 NY Slip Op 01432)

People v Dowdell

2023 NY Slip Op 01432

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

917 KA 21-01358

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRELL DOWDELL, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, ACTING DISTRICT ATTORNEY, AUBURN (RICHARD S. PADO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered July 16, 2020. The judgment convicted defendant upon a nonjury verdict of assault in the second degree, promoting prison contraband in the first degree and promoting prison contraband in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of assault in the second degree under count one of the indictment and dismissing that count, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, assault in the second degree (Penal Law § 120.05 [3]) and promoting prison contraband in the first degree (§ 205.25 [2]), arising from an incident wherein defendant, during a routine pat frisk for contraband outside his cell at a state correctional facility, retreated into his cell and attempted to close the sliding steel cell door, which slammed against the arm of a correction officer as he reached into the cell to stop defendant.
Defendant contends that the evidence is legally insufficient to support the conviction with respect to the physical injury element of the crime of assault in the second degree as charged in count one of the indictment. By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve that contention for our review (see People v Lane, 7 NY3d 888, 889 [2006]; People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Douglas, 85 AD3d 1585, 1586 [4th Dept 2011]). We nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), instead of addressing the same contention, as defendant requests us to do in the alternative, in the context of an analysis of the weight of the evidence (see People v Barrett, 188 AD3d 1736, 1737 [4th Dept 2020]; see generally People v Heatley, 116 AD3d 23, 28-32 [4th Dept 2014], appeal dismissed 25 NY3d 933 [2015]).
As relevant to the offense at issue, a person is guilty of assault in the second degree when, with intent to prevent a peace officer—which includes a correction officer of a state correctional facility (see CPL 1.20 [33]; 2.10 [25])—from performing a lawful duty, such person causes physical injury to such peace officer (see Penal Law § 120.05 [3]). As limited by the indictment here, " '[p]hysical injury' means . . . substantial pain" (§ 10.00 [9]). Although " 'substantial pain' cannot be defined precisely, . . . it can be said that it is more than slight or trivial pain. Pain need not, however, be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]). "Pain is, of course, a subjective matter," but the Court of Appeals has cautioned that "the Legislature did not intend a wholly subjective criterion to govern" (Matter of Philip A., 49 NY2d 198, 200 [1980]; see People v Bunton, 206 AD3d 1724, 1725 [4th Dept 2022], lv denied 38 NY3d 1149 [2022]). "Factors relevant to an assessment of substantial pain include the nature of the injury, viewed objectively, the victim's subjective description of the injury and his or her [*2]pain, whether the victim sought medical treatment, and the motive of the offender" (People v Haynes, 104 AD3d 1142, 1143 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]; see Chiddick, 8 NY3d at 447-448).
Here, viewing the evidence in the light most favorable to the People (see People v Allen, 36 NY3d 1033, 1034 [2021]), we conclude that it is legally insufficient to establish that the correction officer sustained physical injury in the form of substantial pain (see Bunton, 206 AD3d at 1725-1726). Although having a sliding steel prison cell door slammed against one's arm may be "an experience that would normally be expected to bring with it more than a little pain" (Chiddick, 8 NY3d at 447; see Haynes, 104 AD3d at 1143), the evidence of the injury inflicted here, viewed objectively, established only that the correction officer sustained slight scraping and scratching, perhaps some bruising, minor swelling in the wrist, a small laceration, and abrasions or redness, without any bleeding (see People v Lunetta, 38 AD3d 1303, 1304 [4th Dept 2007], lv denied 8 NY3d 987 [2007]; People v Velasquez, 202 AD2d 1037, 1038 [4th Dept 1994], lv denied 83 NY2d 1008 [1994], reconsideration denied 84 NY2d 940 [1994]; cf. Chiddick, 8 NY3d at 446-448; People v Guidice, 83 NY2d 630, 636 [1994]). Indeed, although medical staff at the correctional facility purportedly noted bruising on the correction officer's forearm, no bruising is apparent in the photographs taken shortly after the incident, and the photographs otherwise depict only minimal redness on the correction officer's arm and hand, a minuscule nick on the knuckle of his index finger, and a slight scratch along his arm (see Haynes, 104 AD3d at 1143; cf. People v Abughanem, 203 AD3d 1710, 1713 [4th Dept 2022], lv denied 38 NY3d 1031 [2022]).
The correction officer testified that he reported to the medical area at the correctional facility for the purpose of complying with procedure, not due to any particular physical discomfort. Although he subsequently clarified that he was feeling discomfort and pain in his arm following the incident, he never "testif[ied] with respect to the degree of pain [he] experienced," and the registered nurse at the correctional facility similarly could not recall the type of the pain reported by the correction officer (Lunetta, 38 AD3d at 1304; see Philip A., 49 NY2d at 200; People v Zalevsky, 82 AD3d 1136, 1137 [2d Dept 2011], lv denied 19 NY3d 978 [2012], reconsideration denied 19 NY3d 1106 [2012]; cf. Guidice, 83 NY2d at 636; People v Talbott, 158 AD3d 1053, 1054 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]). Moreover, the only immediate treatment recommended by the registered nurse was for the correction officer to clean the area with soap and water and to apply an antibiotic ointment (see People v Cooney [appeal No. 2], 137 AD3d 1665, 1668 [4th Dept 2016], appeal dismissed 28 NY3d 957 [2016]; Matter of Jonathan S., 55 AD3d 1324, 1325 [4th Dept 2008]). Relatedly, "there was no testimony that the [correction] officer took any pain medication for the injury" (Bunton, 206 AD3d at 1725; see People v Boley, 106 AD3d 753, 753-754 [2d Dept 2013]; cf. People v Greene, 70 NY2d 860, 862-863 [1987], rearg denied 70 NY2d 951 [1988]; People v Hill, 164 AD3d 1651, 1652 [4th Dept 2018], lv denied 32 NY3d 1126 [2018]; Talbott, 158 AD3d at 1054).
Even though the correction officer's failure to take off any time from work is "not dispositive in determining whether he sustained a physical injury, inasmuch as 'pain is subjective and different persons tolerate it differently' " (People v Gerecke, 34 AD3d 1260, 1261 [4th Dept 2006], lv denied 7 NY3d 925 [2006], quoting Guidice, 83 NY2d at 636), it nonetheless remains a factor to consider and, here, the correction officer finished his shift by working for another 5½ hours after the incident and he did not thereafter miss any work (see Bunton, 206 AD3d at 1725; Zalevsky, 82 AD3d at 1137). In addition, while the correction officer testified that he "lost a little bit of mobility bending [his] wrist backward" such that during "regular chores[ and] duties at work" he "felt it," he "did not . . . testify that he was unable to perform any activities because of the pain" (Bunton, 206 AD3d at 1725). Although the correction officer also testified that he sought medical attention approximately three or four weeks later for a concern about his arm, which was not further explained but presumably related to his unspecified degree of pain, the People did not introduce any medical records from that visit and, in any event, the doctor merely advised the correction officer that he had "probably just bruised tendons" that would resolve shortly thereafter (see id.; Lunetta, 38 AD3d at 1304). Moreover, the evidence establishes only that defendant's motivation for retreating into his cell and attempting to shut the cell door was to prevent the pat frisk from continuing and to buy time in order to rid himself of contraband on his person, and there is no evidence to support the inference that defendant deliberately sought to inflict pain upon the correction officer (see Haynes, 104 AD3d at 1143; cf. Chiddick, 8 NY3d at 448).
Based on the foregoing, we modify the judgment by reversing that part convicting defendant of assault in the second degree under count one of the indictment and dismissing that count of the indictment. We further conclude that the sentence imposed on the remaining counts is not unduly harsh or severe. We note, however, that the uniform sentence and commitment form erroneously states that defendant received an indeterminate term of 3½ to 7 years of imprisonment on the count of promoting prison contraband in the first degree, and that document must therefore be amended to reflect that County Court imposed an indeterminate term of 3 to 6 years of imprisonment on that count (see People v Williams, 187 AD3d 1564, 1565 [4th Dept 2020]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court