People v Yeara (2024 NY Slip Op 02625)

People v Yeara

2024 NY Slip Op 02625

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, DELCONTE, AND KEANE, JJ.

215 KA 22-01400

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEREK YEARA, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHRISTINE CALLANAN, ACTING DISTRICT ATTORNEY, LYONS (CATHERINE A. MONIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered April 7, 2022. The judgment convicted defendant, upon a guilty plea, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of robbery in the first degree (Penal Law § 160.15 [3]). We affirm.
Defendant knowingly, voluntarily, and intelligently waived his right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]), and the valid waiver encompasses his challenges to County Court's suppression ruling (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Giles, 219 AD3d 1706, 1707 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]) and to the severity of his sentence (see People v Lollie, 204 AD3d 1430, 1431 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]). We note that, although the written waiver form executed by defendant incorrectly portrays the waiver as an absolute bar to the taking of an appeal (see generally People v Thomas, 34 NY3d 545, 564-567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), the oral colloquy, "which followed the appropriate model colloquy, cured that defect" (People v Clark, 221 AD3d 1550, 1551 [4th Dept 2023]).
Defendant also contends that the court erred in denying defense counsel's request for a competency examination of defendant pursuant to CPL 730.30. That contention "survives the plea and the valid waiver of the right to appeal to the extent that it implicates the voluntariness of the plea" (People v Chapman, 179 AD3d 1526, 1527 [4th Dept 2020], lv denied 35 NY3d 968 [2020]; see generally Lopez, 6 NY3d at 255). Nevertheless, we reject defendant's contention. A court must issue an order of examination "when it is of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]). "The determination whether to order a competency examination, either sua sponte or upon defense counsel's request, lies within the sound discretion of the court" (People v Thorpe, 218 AD3d 1124, 1125 [4th Dept 2023], citing People v Morgan, 87 NY2d 878, 879-880 [1995]). Here, we conclude that the court did not abuse its discretion in denying the request inasmuch as the court had ample opportunity to observe defendant prior to that request and the record supports its determination that defendant demonstrated an understanding of the proceedings and had the ability to assist in his own defense (see Thorpe, 218 AD3d at 1125; People v Watson, 45 AD3d 1342, 1344 [4th Dept 2007], lv denied 10 NY3d 818 [2008]).
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court