People v Williams (2024 NY Slip Op 03276)

People v Williams

2024 NY Slip Op 03276

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

313 KA 23-00658

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY S. WILLIAMS, DEFENDANT-APPELLANT. 

THOMAS L. PELYCH, HORNELL, FOR DEFENDANT-APPELLANT.
JEFFREY S. WILLIAMS, DEFENDANT-APPELLANT PRO SE.
CHRISTINE K. CALLANAN, ACTING DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered March 22, 2023. The judgment convicted defendant, upon a guilty plea, of aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]).
Defendant knowingly, voluntarily, and intelligently waived his right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]), and the valid waiver encompasses his challenge in his main brief to County Court's suppression ruling (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Snyder, 151 AD3d 1939, 1939 [4th Dept 2017]), his non-jurisdictional challenge in his pro se supplemental brief to the residency of the assistant district attorneys who pursued the charges against him (see People v Jackson, 129 AD3d 1342, 1343 [3d Dept 2015]; see generally Matter of Haggerty v Himelein, 89 NY2d 431, 437 n [1997]), his evidentiary challenge in his pro se supplemental brief with respect to the grand jury proceeding (see People v Frasier, 105 AD3d 1079, 1080 [3d Dept 2013], lv denied 22 NY3d 1088 [2014]), and his contention in his pro se supplemental brief that he was denied effective assistance of his counsel inasmuch as he does not claim that defense counsel's performance affected the voluntariness of his plea (see People v Wood, 217 AD3d 1407, 1409 [4th Dept 2023], lv denied 40 NY3d 1000 [2023]; People v Walker, 189 AD3d 1619, 1619-1620 [2d Dept 2020], lv dismissed 37 NY3d 975 [2021]). We note that, although the written waiver form executed by defendant incorrectly portrays the waiver as an absolute bar to the taking of an appeal (see generally People v Thomas, 34 NY3d 545, 564-567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), the "oral colloquy, which followed the appropriate model colloquy, cured that defect" (People v Clark, 221 AD3d 1550, 1551 [4th Dept 2023]; see People v Yeara, — AD3d &mdash, &mdash, 2024 NY Slip Op 02625, *1 [4th Dept 2024]).
Although defendant's contention in his main brief that his plea was rendered involuntary due to the duress from his continued incarceration survives even a valid waiver of the right to appeal (see People v Dozier, 59 AD3d 987, 987 [4th Dept 2009], lv denied 12 NY3d 815 [2009]), defendant "failed to preserve [that contention] for our review by way of a motion to withdraw his plea or to vacate the judgment of conviction on that ground" (People v Thigpen-Williams, 198 AD3d 1366, 1367 [4th Dept 2021]). We decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
We have considered the remaining contentions in defendant's pro se supplemental brief, [*2]and we conclude that none warrants modification or reversal of the judgment.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court