People v Soto (2025 NY Slip Op 05602)

People v Soto

2025 NY Slip Op 05602

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

725 KA 24-00430

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEPHEN P. SOTO, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered February 8, 2024. The judgment convicted defendant upon a jury verdict of assault in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that the conviction is not supported by legally sufficient evidence and that the verdict is not supported by the weight of the evidence. We reject those contentions.
The conviction arises from allegations that defendant struck two victims in the head with a large rock, thereby causing them physical injury. The trial evidence established that on the morning of the incident in question defendant and another man drove to the residence of the man's ex-girlfriend. The two victims, who employed the ex-girlfriend and could see her residence from their place of employment, confronted the man, who became belligerent. The victims attempted to subdue the man and, during that event, defendant struck each of the two victims in the head with the same large rock. The victim of the offense charged in count 1 of the indictment (first victim) was hit once, and the victim of the offense charged in count 2 (second victim) was hit three times.
Defendant contends that neither victim sustained a physical injury, and that defendant's actions were not a cause of any injury to the first victim. Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). On appeal, the People do not contest that the victims did not suffer impairment of physical condition but contend that the evidence established that they experienced substantial pain. " '[S]ubstantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]), and issues regarding substantial pain are generally "questions for the trier of fact" (People v Guidice, 83 NY2d 630, 636 [1994]). "Factors relevant to an assessment of substantial pain include the nature of the injury, viewed objectively, the victim's subjective description of the injury and [their] pain, whether the victim sought medical treatment, and the motive of the offender" (People v Haynes, 104 AD3d 1142, 1143 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]).
Being hit in the head with a large rock is "an experience that would normally be expected to bring with it more than a little pain" (Chiddick, 8 NY3d at 447). The testimony of both victims established that the pain was "not trivial" (id.; see People v Henderson, 77 AD3d 1311, 1311 [4th Dept 2010], lv denied 17 NY3d 953 [2011]; cf. People v Thorpe, 218 AD3d 1124, 1127 [4th Dept 2023]; Haynes, 104 AD3d at 1143-1144). They both suffered from severe headaches, the first victim sought medical attention for his injuries, and both consumed copious [*2]amounts of ibuprofen to numb the pain. The first victim ranked the pain as a 6 out of 10, and the second victim ranked the pain as an "8 to 10" out of 10. Although the second victim did not seek medical attention, his testimony regarding his desire to avoid doctors mitigates that factor (see generally Guidice, 83 NY2d at 636).
The victims' description of their pain levels, corroborated by their overuse of ibuprofen to numb the pain and the first victim's visit to a medical professional, established that they were in substantial pain (see generally Chiddick, 8 NY3d at 447). Indeed, the testimony reflects that the victims' pain here was more significant than the pain level at issue in Chiddick, where the victim testified that his pain level was "in between '[a] little' and 'a lot' " (id.; cf. Thorpe, 218 AD3d at 1127).
With respect to the causation element of count 1, the evidence at trial established that the first victim was struck in the head and that, upon turning to look, he observed defendant holding a large rock. He also observed defendant strike the second victim three times in the head. Video evidence and eyewitness testimony established that defendant was holding a large rock in his hand immediately after the incident.
We conclude that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction with respect to each count (see People v Bleakley, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see Bleakley, 69 NY2d at 495).
Defendant further contends that he was denied his right to a fair trial by prosecutorial misconduct during summation. Even assuming, arguendo, that the prosecutor improperly vouched for two witnesses (see People v Griffin, 125 AD3d 1509, 1510 [4th Dept 2015]; cf. People v Roman, 85 AD3d 1630, 1632 [4th Dept 2011], lv denied 17 NY3d 821 [2011]), we conclude that the two statements that defendant contends constituted improper vouching were "not so egregious as to deny defendant a fair trial" (People v White, 291 AD2d 842, 843 [4th Dept 2002], lv denied 98 NY2d 656 [2002]; see People v Lyon, 77 AD3d 1338, 1339 [4th Dept 2010], lv denied 15 NY3d 954 [2010]). With respect to defendant's contention that the prosecutor made a comment improperly speculating about facts not in evidence, defendant's objection to that comment was sustained and the jury was instructed that it must base its decision solely on the evidence presented at trial. "Inasmuch as defendant did not object further or move for a mistrial, 'the curative instructions must be deemed to have corrected the error to . . . defendant's satisfaction' " (People v Kellam, 237 AD3d 1518, 1519 [4th Dept 2025], quoting People v Heide, 84 NY2d 943, 944 [1994]; see People v Mencel, 206 AD3d 1550, 1554 [4th Dept 2022], lv denied 38 NY3d 1152 [2022]).
Defendant's remaining challenge to the prosecutor's summation is not preserved for our review (see People v Heverly, 230 AD3d 1534, 1537 [4th Dept 2024], lv denied 42 NY3d 1053 [2024]; People v Smith, 187 AD3d 1652, 1655 [4th Dept 2020], lv denied 36 NY3d 1054 [2021]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court