People v Bradshaw
2026 NY Slip Op 04065
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARRYL BRADSHAW, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
318 KA 23-01511
Present: Lindley, J.P., Bannister, Montour, Greenwood, And Hannah, JJ.

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered August 31, 2023. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3]). The charge arose from an incident in which defendant, while incarcerated at the Cayuga Correctional Facility, assaulted a correction officer with a "cutting weapon."
Defendant contends that County Court erred in denying defense counsel's request for a competency examination of defendant pursuant to CPL 730.30. That contention " 'survives the plea . . . to the extent that it implicates the voluntariness of the plea' " (People v Yeara, 227 AD3d 1517, 1518 [4th Dept 2024], lv denied 42 NY3d 1082 [2025]; see People v Chapman, 179 AD3d 1526, 1527 [4th Dept 2020], lv denied 35 NY3d 968 [2020]). Nevertheless, we reject defendant's contention. A court must issue an order of examination "when it is of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]). "The determination whether to order a competency examination, either sua sponte or upon defense counsel's request, lies within the sound discretion of the court" (People v Thorpe, 218 AD3d 1124, 1125 [4th Dept 2023], citing People v Morgan, 87 NY2d 878, 879-880 [1995]). Here, we conclude that the court did not abuse its discretion in denying the request inasmuch as the court had ample opportunity to observe defendant prior to that request, and there is no indication in the record that defendant " 'was unable to understand the proceedings or that he was mentally incompetent at the time he entered his guilty plea' " (People v Robinson, 225 AD3d 1266, 1267 [4th Dept 2024], lv denied 42 NY3d 1021 [2024]; see Thorpe, 218 AD3d at 1125; People v Watson, 45 AD3d 1342, 1344 [4th Dept 2007], lv denied 10 NY3d 818 [2008]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court